UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL E. CARRIER,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant | Civ. A. No. |

## COMPLAINT

### JURISDICTION

1. This action arises under a federal statute, 5 U.S.C. § 552(a)(4)(B).

### STATEMENT OF THE CLAIM

2. The Rev. Paul E. Carrier, a Jesuit priest, is a defendant in several civil actions pending in Connecticut. The main claim in the cases is that a layman, Douglas Perlitz, sexually abused the plaintiffs, all of whom were Haitian street children who became students at Mr. Perlitz's school in Cap-Haitien, Haiti, known as Project Pierre Toussaint. Father Carrier has not been accused of abusing any of the plaintiffs or any other minor. Rather, he is accused of negligently supervising Mr. Perlitz, of breaching a supposed fiduciary duty to the victims, and of liability on various other more attenuated legal theories.

3. The government investigated and prosecuted Mr. Perlitz, who ultimately pled guilty to an information charging him with one count of violating 18 U.S.C. § 2423(b), a statute prohibiting travel by a US citizen in foreign commerce if one of the dominant purposes of the travel was to engage in illicit sexual conduct with another person. Mr. Perlitz was convicted and is now serving a lengthy prison sentence.

4. In its investigation, the government took videotaped statements from Mr. Perlitz's victims. As provided in several court orders in the District of Connecticut, where Mr. Perlitz was prosecuted and where the civil actions against Father Carrier are pending, the government provided those statements to the victims' counsel, who in turn provided them to Father Carrier's counsel.

5. On information and belief, the government's investigation was undertaken in whole or part by agents of U.S. Immigrations and Customs Enforcement ("ICE"), including Special Agent Rod Khattabi.

6. After Mr. Perlitz's conviction, Special Agent Khattabi was also involved, with the approval of the sentencing court, in distributing the restitution to Mr. Perlitz's victims in Haiti.

7. On February 8 and 9, 2012, Father Carrier's counsel, acting on his behalf, sent two requests under the Freedom of Information Act, 5 U.S.C. § 552, to the ICE FOIA office. True copies of the requests are attached to this Complaint as Exhibits 1 and 2, respectively.

8. In summary, Father Carrier sought ICE records concerning:

- other statements made by Mr. Perlitz's victims, i.e., statements other than the statements Father Carrier's counsel had received;

- records concerning statements made by persons other than Mr. Perlitz's victims, namely other students or staff members at Project Pierre Toussaint, if they concerned Mr. Perlitz or Father Carrier;

- statements made by Cyrus Sibert, a Haitian radio personality who played a role in bringing the allegations against Mr. Perlitz to light;

- the identity of the recipients of the criminal restitution, the amounts disbursed, the method used to make the distributions, and the recipients' reactions to the receipt of the restitution; and
- communications with the financial institutions that may have helped coordinate the distribution of restitution to Mr. Perlitz's victims.

9. On May 16, 2012, ICE denied Father Carrier's February 8 request in its entirety. The sole basis for the denial was FOIA Exemption 7(a); the denial noted that "there may be other exemptions which could protect certain information from disclosure" but did not actually invoke any other exemptions. The denial referenced only the February 8 request, not the February 9 request. A true copy of the denial is attached to this Complaint as Exhibit 3.

10. Father Carrier made a timely administrative appeal pursuant to ICE's FOIA regulations on May 24, 2012. A true copy of the appeal is attached to this Complaint as Exhibit 4.

11. On June 26, 2012, ICE denied the appeal. Again, the only basis for the denial was FOIA Exemption 7(a), though again, the denial noted that other exemptions might be applicable if Exemption 7(a) was not, or was no longer, applicable. A true copy of the denial of the appeal is attached to this Complaint as Exhibit 5.

12. Exemption 7(a) authorizes withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." Exemption 7(a) is inapplicable for numerous reasons, including without limitation the following:

- The criminal prosecution of Mr. Perlitz has concluded, and on information and belief there are no "enforcement proceedings" pending. On information and belief, neither Father Carrier nor anyone other than Mr. Perlitz was ever a target of the government's investigation.

- In particular, the records relating to restitution cannot possibly interfere with an enforcement proceeding, as the restitution was part of Mr. Perlitz's sentence, not any investigation or prosecution.

- Even if there is an ongoing investigation of some sort, disclosure of the requested records could not interfere with it.

13. No other FOIA exemption permits withholding of the requested records.

## DEMAND FOR RELIEF

Therefore, Father Carrier demands: (a) that a judgment be entered enjoining ICE from withholding agency records and ordering the production of any agency records improperly withheld from Father Carrier; (b) an award of reasonable attorney's fees; and (c) costs.

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (BBO No. 379715)
Theodore J. Folkman (BBO No. 647642)
Amanda Moger Rettig (BBO No. 653900)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tjf@murphyking.com

Dated: July 10, 2012
629263